UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MOUSSA DIA,

Petitioner,

v.

IMMIGRATION AND CUSTOMS ENFORCEMENT et al.,

Respondents.

Case No. 1:26-cv-2553

Honorable Jane M. Beckering

**OPINION**

Petitioner, a United States Immigration and Customs Enforcement (ICE) detainee currently detained at the North Lake Processing Center located in Baldwin, Lake County, Michigan, initiated this action by filing a *pro se* petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. (Pet., ECF No. 1.) Petitioner is granted leave to proceed *in forma pauperis*. For the following reasons, the Court will deny Petitioner's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 without prejudice.

## I. Procedural History

In Petitioner's § 2241 petition, Petitioner challenges the constitutionality of his current detention following an order issued by the Detroit Immigration Court denying him bond, and asks the Court to, *inter alia*, issue a writ of habeas corpus ordering Respondents to release Petitioner on his own recognizance or under an order of supervision. (Pet., ECF No. 1, PageID.8)

In an Order entered on September 17, 2026, the Court directed Respondents to show cause, within three business days, why the writ of habeas corpus and other relief requested by Petitioner should not be granted. (Order, ECF No. 6.) Respondents filed their response and a recording of the

May 14, 2026, bond hearing on September 22, 2026. (Resp., ECF No. 7; Recording of May 14, 2026, Bond Hearing, filed on Sept. 22, 2026.)

## II. Relevant Factual Background

Petitioner is a citizen of Senegal who entered the United States in 2023. Op., *Dia v. Raycraft et al. (Dia I)*, No. 1:26-cv-151, (W.D. Mich. Jan. 30, 2026), (ECF No. 6). On December 24, 2025, Petitioner was arrested by ICE. *Id.*

This is Petitioner's fourth habeas petition. On January 15, 2026, Petitioner filed a § 2241 petition challenging his initial detention without a bond hearing in *Dia I*, No. 1:26-cv-151 (W.D. Mich.). In *Dia I*, the Court conditionally granted Petitioner's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241, ordering Respondents to provide Petitioner with a bond hearing under 8 U.S.C. § 1226(a) within five business days of the date of the Court's Opinion and Judgment or, in the alternative, immediately release Petitioner from custody. Op. & Jud., *Dia I*, No. 1:26-cv-151 (W.D. Mich. Jan. 30, 2026), (ECF Nos. 6, 7). Petitioner received a bond hearing on February 5, 2026, pursuant to § 1226(a). On March 2, 2026, Petitioner filed a second § 2241 petition in *Dia v. Raycraft et al. (Dia II)*, No. 1:26-cv-692, (W.D. Mich.), (ECF No. 1), arguing that the burden of proof at the bond hearing was improperly placed on Petitioner, rather than the government. The Court issued an opinion and judgment conditionally granting Petitioner's habeas petition and ordered Respondents to provide Petitioner with a bond hearing where the government had the burden to demonstrate dangerousness or flight risk by clear and convincing evidence. Op. & J., *Dia II*, No. 1:26-cv-692, (W.D. Mich. Mar. 18, 2026), (ECF Nos. 8, 9).

On March 24, 2026, Petitioner received a bond hearing where Petitioner was denied bond. (Resp., ECF No. 7, PageID.25.) Following the hearing, Petitioner filed motion to enforce the judgment in *Dia II*, No. 1:26-cv-692, (W.D. Mich. March 24, 2026), (ECF No. 10), and a third habeas petition in *Dia v. Raycraft (Dia III)*, No. 1:26-cv-963, (W.D. Mich.), (ECF No. 1), and in

both, argued that the notice for the bond hearing failed to comply with the Court's order because it had the wrong date of the bond hearing. Therefore, the Court issued an order granting Petitioner's motion to enforce the judgment in *Dia II*, ordering a new bond hearing where Respondents were required to provide adequate notice to Petitioner, Order, *Dia II*, No. 1:26-cv-692 (W.D. Mich. May 8, 2026), (ECF No. 13), and dismissed Petitioner's third habeas petition in *Dia III* without prejudice as moot, Op. & J., *Dia III*, No. 1:26-cv-963 (W.D. Mich. May 14, 2026), (ECF Nos. 9, 10).

Petitioner received proper notice and another bond hearing was held pursuant to § 1226(a) on May 14, 2026. (Resp., ECF No. 7, PageID.26.) At the conclusion of the May 14, 2026 bond hearing, the Immigration Judge denied Petitioner's request for bond, finding that the government had met their burden of proving Petitioner is a flight risk by clear and convincing evidence. (Recording of May 14, 2026 Bond Hearing, at 14:45–15:32, filed on Sept. 22, 2026.)

Subsequently, Petitioner filed the present § 2241 petition challenging the May 14, 2026, bond hearing. (ECF No. 1.)

**III. Discussion**

In Petitioner's § 2241 petition, Petitioner argues that the Immigration Judge did not apply the constitutionally required burden of proof at Petitioner's § 1226(a) bond hearing on May 14, 2026. Specifically, Petitioner argues that the Immigration Judge failed to require the government to demonstrate dangerousness or flight risk by clear and convincing evidence. *See Soto-Medina v. Lynch*, 817 F. Supp. 3d 612 (W.D. Mich. 2026) (addressing the constitutionally required burden of proof).

Based on the record before the Court at this time, including the recording of the § 1226(a) bond hearing, there is no indication in the record that the Immigration Judge applied an

unconstitutional burden of proof at the bond hearing. Under these circumstances, the Court will deny Petitioner's § 2241 petition without prejudice.

**Conclusion**

For the reasons discussed above, the Court will enter a Judgment denying Petitioner's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 without prejudice.

Dated: September 29, 2026

/s/ Jane M. Beckering
Jane M. Beckering
United States District Judge